

W W W . R I V K I N R A D L E R . C O M

**PRISCILLA D. KAM**
(516) 357-3341
priscilla.kam@rivkin.com

March 21, 2019

**VIA ECF**

Honorable Sanket J. Bulsara
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Government Employees Insurance Co. et al. v. Epione Medical, P.C. et al.*
        Docket No. 1:18-cv-03159(SJ)(SJB)
        RR File No.:  005100-02060

Dear Magistrate Judge Bulsara:

We are counsel for Plaintiffs (collectively, "Plaintiffs" or "GEICO").  Pursuant to Local Rule 37.3(c), Plaintiffs move for an order compelling Defendants Epione Medical, P.C., Imperial Rehab PT, P.C., APAK Chiropractic, P.C., NYC Sports Acupuncture, P.C. (collectively, the "Provider Defendants"); Michael Yakubov Jacobi, M.D., Khaled Ahmed Aaga, P.T., Aleksandr Mostovoy, D.C, Yuliya Chernyak, L.Ac. (collectively, the "Nominal Owner Defendants"); and Simon Davydov, MBCC Support Ltd. d/b/a Billing Pros, Elena Mumin-Akhunov and Stella Raytsin (collectively the "Management Defendants") to serve immediate supplemental responses to GEICO's First Requests for Production of Documents (the "Document Requests")(the Provider Defendants, Nominal Owner Defendants and Management Defendants are collectively referred to as "Defendants").

Plaintiffs' motion, with the exception of two Document Requests discussed below, seeks to compel production of documents that Defendants have repeatedly promised to produce, <u>without objection</u>, since GEICO first served its demands on August 15, 2018. Despite repeated representations *over the course of seven months* that the documents are forthcoming, the Defendants have failed to produce the promised documents.

## 1.  Background

This action seeks to recover more than $4,460,000.00 that the Defendants stole from GEICO by submitting thousands of fraudulent "No-Fault" insurance charges relating to medically unnecessary, illusory, and otherwise unreimbursable healthcare services which allegedly were provided to New York automobile accident victims insured by GEICO.  The charges were fraudulent in that they were the result of a scheme in which the Nominal Owner Defendants "sold" their licenses to the Management Defendants so that the Management Defendants could

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

Honorable Sanket J. Bulsara
March 21, 2019, Page 2

illegally own and control the Provider Defendants, and use the Provider Defendants to implement a fraudulent treatment and billing protocol designed to financially enrich the Defendants without regard to genuine patient care. See Docket No. 1, passim.

Plaintiffs' served the Document Requests at issue on August 15, 2018.  Defendants issued initial responses on November 8, 2018 and November 21, 2018, however, these responses failed to include any documents whatsoever and merely indicated that documents would be forthcoming. After months of efforts by Plaintiffs to obtain compliance, including a motion to compel filed on January 7, 2019 (Docket No. 41), Defendants produced their first sets of documents on or about January 16, 2019. Accordingly, by Order dated January 28, 2019, the Court denied Plaintiffs' motion to compel as moot with leave to renew. Notably, the documents produced by Defendants on January 16, 2019 were insufficient to satisfy the outstanding Document Requests, and failed to include a multitude of documents which the Defendants' previously represented would be produced.  To date, Defendants have not produced any additional documents.

On February 14, 2019, Defendants requested an adjournment of the February 27, 2019 settlement conference based on the fact that outstanding discovery, including patient claims files, would be produced "shortly". (Docket No. 45).[1] Nothing, however, was produced. The parties then participated in another "meet and confer" on March 12, 2019, at which time Defendants represented that additional documents in the form of patient files would be produced imminently. Defendants, however, were still uncertain at this late date as to whether or not additional outstanding documents were in the Defendants' possession, custody, or control, as they indicated they were still making inquiries.  Due to Defendants' repeated failure to produce sufficient responses over the course of the last seven months, Plaintiffs renew their motion to compel since Court intervention is necessary to ensure compliance by Defendants.

## 2.   Outstanding Document Requests That Defendants Agreed To Produce

### a.   *Patient Claims Files*

Defendants have repeatedly represented – to both GEICO and this Court – that they will produce "voluminous" documents that are responsive to Plaintiffs' Document Requests. These documents include "thousands of documents in patient files" which the Provider Defendants specifically stated are responsive to request nos. 14, 20, 30, 35, 36, 38, 41, 43, 45, 47, 52, 53, 54 and 59 in the Document Requests to the Provider Defendants, and which the Nominal Owner Defendants similarly stated are responsive to request nos. 17, 28, 29, 37, 38, 39, 40, 45, 52, 54 in the Document Requests to the Nominal Owners. (A representative sample of the Documents Requests made to the Provider Defendants and Nominal Owner Defendants are annexed hereto as Exhibits "A" and "B", respectively).

---

[1] Based on Defendants' representation, and Plaintiffs' application (Docket No. 47), by Order dated February 15, 2019, the Court extended Plaintiffs' deadline to renew its motion to compel to March 21, 2019.

Honorable Sanket J. Bulsara
March 21, 2019, Page 3

To date, Defendants have failed to produce a single patient claims file.  Given Plaintiffs' repeated efforts to obtain compliance, including "meet and confer" efforts, and the fact that its Document Requests were served seven months ago, Defendants should be compelled to produce the promised documents immediately.

> b. *Outstanding Documents The Defendants Failed To Produce Or Failed To Confirm Are Not Within Their Possession, Custody Or Control*

The Defendants, in their initial responses of January 16, 2019, explicitly stated that responsive documents would be produced for each of the Document Requests listed below. The Defendants, however, have yet to produce any responsive documents to these requests.  During the parties' latest efforts to resolve their discovery disputes – a March 12, 2019 "meet and confer" call – the Defendants indicated they still needed to confirm whether responsive documents were in their possession, custody, or control, and, if so, such documents would be produced.  Given that Plaintiffs' demands were served back *in August 2018*, Defendants should be ordered to finish their internal inquiries immediately.  Accordingly, Plaintiffs request that Defendants be directed to produce all responsive documents, or confirm that no responsive documents are in their possession, custody, or control in connection with the following:

- Document Requests to the Provider Defendants, Nos. 3, 8, 9 and 21 (see Exhibit "A"); and,

- Document Requests to the Nominal Owner Defendants, Nos. 3, 4, 7 and 35 (see Exhibit "B")

## 3.   Outstanding Document Requests That Are In Dispute

There are only two discovery items that the parties have been unable to resolve through meet and confer efforts, and as to which GEICO requests that the Nominal Owners Defendants be compelled to produce.  Specifically:

- Document Request No. 11: Documents evidencing the ownership of any proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider or business that [the Nominal Owner Defendants] have owned, in whole or in part;

- Document Request No. 60: Business records, reports, summaries, ledgers, and other financial documents created or maintained by [the Nominal Owner Defendants] in connections with [the Provider Defendants'] business.

See, Exhibit "B".

Honorable Sanket J. Bulsara
March 21, 2019, Page 4

The Nominal Owner Defendants' objections to these demands are without merit. GEICO's requests are precisely tailored to lead to discoverable evidence material and relevant to the claims set forth in GEICO's Complaint. Specifically, GEICO claims that the Defendants engaged in a scheme to defraud GEICO out of millions of dollars in No-Fault Benefits by rendering excessive and medically useless Healthcare Services to GEICO insureds pursuant to (i) fraudulent protocols established and implemented by the Management Defendants *who illegally own and control the Provider Defendants*, and (ii) bogus referrals that were the result of *illegal referral and fee-splitting arrangements*. GEICO further alleges that the Defendants perpetuate and conceal their illegal ownership of the Provider Defendants and the other illegal financial dealings through an intricate scheme that involves siphoning money through various persons and entities owned, controlled or associated with the Defendants. See Docket No. 1, passim.

First, documents evidencing other entities owned by the Nominal Owner Defendants are plainly relevant to Plaintiffs' allegations that the Nominal Owner Defendants do not truly own and control the Provider Defendants. If the Nominal Owner Defendants are operating other practices, own other businesses, and are otherwise involved in other business activities when they purportedly own and operate the Provider Defendants – which are active healthcare practices – it would be relevant to determine whether the Nominal Owner Defendants have invested sufficient time, attention, and control over the Provider Defendants. For similar reasons, it is relevant to know whether the Nominal Owner Defendants have "owned" numerous professional corporations, using numerous different names, opening and closing the practices without regard to corporate formalities (often in revolving door fashion). In addition, the ownership of other entities is necessary to determine the scope of the fraud, including the siphoning of monies to the Management Defendants. For example, financial records obtained by GEICO revealed that Nominal Owner Defendants Mostovoy and Aaga allegedly own corporations formed under the names Aleksandr Mostovoy, Inc. and Khaled Aaga Corp., respectively. Both of these corporations maintain multiple back accounts to which Nominal Owner Defendants Mostovoy and Aaga transfer large sums of money from the Provider Defendants and which, in turn, funnel large sums of money to entities associated with the Management Defendants.

Second, the business records, reports, summaries, ledgers, and other financial documents created or maintained by the Nominal Owner Defendants *in connection with the Provider Defendants' businesses* are plainly relevant in a case like this. These records will tend to prove Defendants' fraudulent scheme, and show the degree to which the Defendants are operating fraudulent practices, engaging in kickback allegations, and permitting unlicensed laypersons to profit from the Provider Defendants' businesses. Further, the records are relevant to the financial interrelationships among the Defendants, the disposition of the proceeds of the fraudulent scheme, the extent to which the enterprise's revenues are derived from fraudulent No-Fault submissions, and the patterns of racketeering activity necessary to prevail on GEICO's civil RICO claims.

Honorable Sanket J. Bulsara
March 21, 2019, Page 5

In similar types of No-Fault fraud cases, courts have not hesitated to compel production of corporate and personal financial records. See e.g., State Farm Mut. Auto. Ins. Co. v. Fayda, 2015 U.S. Dist. LEXIS 162164, at * 10-16 (S.D.N.Y. Dec. 3, 2015); State Farm Mut. Auto Ins. Co. v. McGee, 2012 U.S. Dist. LEXIS 188346, at * 6-10 (E.D.N.Y. Feb. 21, 2012); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., 375 F.Supp. 2d 141, 156 (E.D.N.Y. 2005); Allstate Ins. Co. v. Elzanaty, 2012 U.S. Dist. LEXIS 171962, at * 3-5 (E.D.N.Y. Dec. 4, 2012); State Farm Mut. Auto. Ins. Co. v. Tabakman, 2008 U.S. Dist. LEXIS 77784, at * 6-7 (E.D.N.Y. Oct. 3, 2008); State Farm Mut. Auto. Ins. Co. v. Ripa, M.D., Dkt. No. 1:17-cv-03202, at ECF No. 35 (E.D.N.Y. Jan. 23, 2018); Liberty Insurance Corporation,  v. Mohuchy, Dkt. No. 1:14-cv-02168, at ECF No. 128 (E.D.N.Y. 2014).

4.  **Outstanding Document Requests From Defendants Imperial Rehab PT, P.C. and Khaled Ahmed Aaga, P.T.**

With respect to Defendants Imperial Rehab PT, P.C. ("Imperial") and Khaled Ahmed Aaga ("Aaga")(together, the "Imperial Defendants"), despite continuously representing that documents will be produced and are forthcoming, neither of the Imperial Defendants have sufficiently complied with GEICO's Document Requests. (Copies of the Document Requests, which were served on the Imperial Defendants on August 15, 2018, are annexed hereto at Exhibit "C").

As stated above, GEICO has made exhaustive good faith efforts to obtain discovery from all Defendants, including filing a motion to compel, drafting numerous good faith letters, and participating in several "meet and confer" calls. Despite these efforts, the Imperial Defendants have failed to produce a single document other than corporate formation documents for Imperial Rehab, and income tax returns for years 2013-2016. During the parties' March 12, 2019 "meet and confer," counsel advised that the Imperial Defendants are out of the country and it is unknown when documents will be produced. Clearly, the Imperial Defendants have no intention of participating in this litigation on their own volition and will not comply with any of their discovery obligations absent a court order compelling them to do so.

The Discovery Requests served by GEICO are relevant and material to this action.  Under the circumstances, an order directing immediate and complete responses to the Document Requests is warranted.

We appreciate the Court's attention to this matter.

Very truly yours,

RIVKIN RADLER LLP
/S/
Priscilla D.  Kam, Esq.