**Aaron M. Rubin, Esq.**
99 Wall Street Suite 1130
New York, New York 10005
Tel.: 212-725-4600
Email: arubin@amresquire.com

June 26, 2019

*Via ECF*
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>GEICO</u>, et al., v. <u>Epione Medical, P.C.</u>, et al., 18-CV-01544(SJ)(SJB)

Dear Judge Bulsara,

  We are newly retained counsel for Defendants in this matter and write in response to Plaintiffs' request for "a court conference and the imposition of prompt deadlines for the completion of Defendants' depositions." For the following reasons, the request should be denied.

  First, although we have newly entered this case, it is clear that the relevant deadlines for discovery have passed. Almost a year ago, on August 10, a discovery schedule was set, (*ECF* 37), for which the deadline for fact discovery was May 10, 2019. During that entire passage of time, (and even though Plaintiffs intend to take no less than 37 depositions of parties and non-parties), Plaintiffs failed to depose even a single defendant, or any other witness for that matter.

  Plaintiffs have clearly avoided a request for an extension of discovery because they are without any good cause to do so. Instead, Plaintiffs now seek to blame their dilatory practice on Defendants, while continuing to ignore all discovery deadlines.

  It is apparent, from our discussions with outgoing counsel and review of the docket, that Plaintiffs purposefully sought to prolong discovery in order to erode Defendants' legal resources. This significant delay has imposed serious prejudice on Defendants, whose businesses, lives and finances have been materially interrupted by the protracted obligations of this lawsuit. Now, within hours of our filing our notice of appearance, Plaintiffs suddenly claim to require "prompt deadlines" for the completion of all depositions.

Second, Plaintiffs failed to make any genuine attempt to follow Local Civil Rule 26.4, FRCP 37(a)(1) and the Court's individual rules with respect to resolving any of these issues prior to their seeking judicial intervention.  While we did speak by telephone with Plaintiffs' counsel yesterday as a matter of introduction to the case, and prior to our notice of appearance, at no time did counsel raise any discovery dispute or mention that they were intending to file a motion for discovery so that we could properly address these issues in a meet and confer.

Accordingly, on that basis alone Plaintiffs' motion should be denied as premature.

Respectfully submitted,

Aaron M. Rubin
Abe George

cc:
*ECF*
Rivkin Radler
Priscilla D. Kam