**Aaron M. Rubin, Esq.**
99 Wall Street Suite 1130
New York, New York 10005
Tel.: 212-725-4600
Email: arubin@amresquire.com

July 9, 2019

***Via ECF***
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: <u>GEICO, et al.</u>, v. <u>Epione Medical, P.C., et al.</u>, 18-CV-03159(SJ)(SJB)

Dear Judge Bulsara,

    We write on behalf of Defendants in response to Plaintiffs' request to reopen fact discovery.

    Plaintiffs have not provided the requisite good cause to conduct the twenty-four non-party depositions they failed to mention in their letter to the Court.  Although they ascribe all discovery delays to Defendants, they do not account for the fact that they never took a single non-party deposition.  Our objection to their proposed schedule was because they now insist that fact discovery should be reopened to permit them at least twenty-four non-party depositions in addition to seven depositions of the individual Defendants all to take place by October.[1]

    Plaintiffs' proposal is an unreasonable endeavor for which no good cause has been demonstrated.  In response, we asked Plaintiffs for a compromise on two fronts:  (1) limit the number of their non-party depositions to eight, and (2) permit a more reasonable amount of time to do those depositions, and the seven additional depositions of the individually named Defendants, in light of the participants' summer schedules and counsels' fall trial schedules.  In this regard as a matter of reciprocity, we proposed an additional limit of ten depositions on our part, and a fact discovery deadline of December 20.  This was rejected by Plaintiffs for reasons left unexplained.

---

[1]In their June 19 letter (*ECF 72*), Plaintiffs identified twenty-four non-party witnesses and corporations they wanted to subpoena for testimony including: (i) Ernest Pinkhasov, (ii) Per 2007, Inc., (iii) Emanuel David, (iv) Progressive Solutions, Inc., (v) Innovative Business Strategies, Inc., (vi) 188 NYC Construction & Design, Inc., (vii) Daniel Yakubov, (viii) RMR Printing, Inc., (ix) Aleksey Shimunov, (x) Aleksey & Son Consulting & Management Corp., (xi) Ruslan Nektalov, (xii) RN Capital, Inc., (xiii) Cesar Grenados and (xiv) A&C Chimney Corp. (collectively, the "Non-Party Witnesses") and (i) Samuel Theagene, M.D., (ii) Central Park Physical Medicine, P.C., (iii) Ahmed Mohamed Osman, P.T., (iv) Best Rehab From US PT, P.C., (v) Nabil Mahmoud Abdel Aal, P.T., (vi) Nabil Abdel Aal Corp., (vii) Mission Rehab PT, P.C., (viii) Quality I Rehab PT, P.C., (ix) Denny Xavier Rodriguez, M.D. and (x) St. Francis Healthcare Medical, P.C.

Although we have newly appeared in this matter, we have conducted extensive background discussions with prior counsel and are not aware of any of the agreements to which Plaintiffs' counsel alludes regarding discovery extensions, and do not believe any such agreements exist.

We dispute Plaintiffs' assertions that our clients have engaged in "tactical delay." Such assertions are misplaced especially in light of recent representations by counsel that Plaintiffs are still purposefully withholding large amounts of discovery (already bates stamped) that is responsive to our discovery requests.  In contrast, many of the documents that Plaintiffs claim were produced late by Defendants were materials that were clearly already in Plaintiffs' possession as duplicate copies of their own files, and only gratuitously requested to intentionally impose litigation costs on the defense.

Accordingly, if the Court is inclined to grant Plaintiffs' request to reopen fact discovery, we request an in-person conference to address a reasonable scope and schedule.


Respectfully submitted,

*Aaron M. Rubin*

Aaron M. Rubin
Abe George


cc:
*ECF*
Rivkin Radler
Priscilla D. Kam